# UNITED STATES DISTRICT COURT
## Southern District of Texas
## Laredo Division

| | |
|---|---|
| JOSE PENA § | |
| § | CASE NUMBER: 25-139 |
| § | |
| V. § | |
| § | |
| § | **DEMAND FOR JURY TRIAL** |
| PORTFOLIO RECOVERY § | |
| ASSOCIATES, LLC § | |
| § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### Preliminary Statement

1. Plaintiff, JOSE PENA, ("Plaintiff") brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), to obtain statutory damages, actual damages, and other relief for the Defendant's violations of the FDCPA.

2. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC. herein after referred to as PRA, attempted to collect a consumer debt ("Debt") allegedly owed by Plaintiff, arising from a purported obligation on personal loans. The obligations ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. PRA can be served by and through their registered agent Corporation Service Company dba CSC Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX, 78701.

## JURISDICTION AND VENUE

3. This is an action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq.* and the Texas Finance Code § 392 *et. seq.* against Defendant for engaging in unfair or deceptive acts or practices in violation of the FDCPA, 15 U.S.C. § 1692 and the Texas Finance Code § 392.

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331, 1337(a), and 1367.

5. Venue is proper in the United States District Court for the Southern District because the acts and transactions occurred here and the Defendants transact business here.

## DEFINITIONS

6. As used in reference to the FDCPA, the terms "creditor," "debt," and "debt collector" are defined in § 803 of the FDCPA, 15 U.S.C. § 1692a and 15 U.S.C. § 1692j(a) and (b) as well as Texas Finance Code §392.001(3), 393.002(2), and 392.001(6).

## THE PARTIES

7. The FDCPA, 15 U.S.C. § 1692, which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

8. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, is a collection agency, a foreign for profit corporation believed to be based in Virginia and is in the business of collecting consumer debt in the Southern District of Texas. The principal purpose of PORTFOLIO RECOVERY ASSOCIATES, LLC's business is the collection of consumer debts using the mail and telephone. PORTFOLIO RECOVERY ASSOCIATES, LLC regularly attempts to collect consumer debts for others. PORTFOLIO RECOVERY ASSOCIATES, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Plaintiff, JOSE PENA, ("Pena") is an individual who resides in Webb County, Texas, in the Southern District of Texas, and is a consumer as defined by 15 U.S.C. §1692(a)(3) and Texas Finance Code 392.001(1)

## ARTICLE III STANDING

10. Plaintiff has Article III standing as he suffered an injury in fact that is concrete, particularized, and traceable to Defendant's conduct, and is likely to be redressed by a favorable judicial decision. Plaintiff suffered emotional distress, invasion of privacy, aggravation, and loss of time as a result of Defendant's unlawful communications.

## FACTUAL ALLEGATIONS

11. On July 7, 2025, Defendant sent Plaintiff a text message concerning an alleged debt. On July 9, 2025 Defendant sent yet another text message.

12. On July 17, 2025, Plaintiff submitted a text message through Defendant's text messaging channel, revoking consent to be contacted by phone.

13. Despite this PRA placed multiple calls to Plaintiff on July 20, and 22nd, 2025 as well as a text message on July 23, 2025.

14. Defendant's repeated attempts to communicate with Plaintiff were in violation of 15 U.S.C. § 1692c(c) by continuing prohibited contact, § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse, § 1692e by using false, deceptive, or misleading means in connection with the collection of a debt through disregard of the consumer's lawful instructions, and § 1692f by employing unfair or unconscionable means to attempt to collect a debt. PRA's failure to honor Mr. Pena's revocation and its continued use of electronic channels also demonstrate a systemic disregard for consumer directives consistent with the pattern-and-practice liability recognized in Anchondo v. Anderson, Crenshaw & Associates, 256 F.R.D. 661

(D.N.M. 2009).

15. Defendant's conduct caused Plaintiff to suffer emotional distress, annoyance, and frustration.

16. Defendant's collection efforts also intruded upon Plaintiff's privacy.

17. Plaintiff has suffered concrete harm, including invasion of privacy and emotional distress.

18. The foregoing acts and omissions of the Defendant were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiffs.

19. The foregoing acts and omissions of the Defendant were undertaken by them indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard to or consideration of the identity or rights of the Plaintiffs.

20. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiffs have suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiffs should be compensated in an amount to be proven at trial.

24. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, Bartlett v. Heibl, 128 F3d. 497, 500 (7th Cir. 1997); Chauncey v. JDR, 118 F.3d 516, 519 (7th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 226 (7th Cir. 1996); and Gammon v. GC Services, LTD. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## Respondeat Superior Liability

25. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiffs as more further

described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

26. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

27. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

28. Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA and Texas law, in their attempts to collect this debt from Plaintiffs.

## **Violations Of The FDCPA**

29. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the FDCPA include, but are not limited to the following:

a. Defendant violated 15 U.S.C. § 1692c(c) by continuing to communicate with Plaintiff with respect to the debt notwithstanding its receipt of written instructions to cease communication.

b. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, including repeated communications after a cease and desist request.

c. Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect the alleged debt, including directing Plaintiff to one-sided, non-responsive communication portals after a cease and desist.

30. Under 15 U.S.C. § 1692k, Defendant's violations of the FDCPA render them

liable to Plaintiffs for statutory damages, actual damages, costs, and reasonable attorney's fees.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, JOSE PENA, prays that this Court:

1. Declare that Defendant's debt collections practices violated the FDCPA and Texas Finance Code 392.

2. Enter judgment in favor of Plaintiffs and against Defendant for statutory damages, actual damages, treble damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a).

3. Grant such further relief as deemed just.

Respectfully submitted,

*/s/ James A. Foley*

James A. Foley
JAMES FOLEY PLLC
4116 W. Vickery Blvd
Fort Worth, Texas 76107
817-738-1633
682-786-8167  Facsimile
James@JamesFoley.com
*ATTORNEY FOR PLAINTIFF*

Filed August 15, 2025